IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 5:21-cv-00044-D

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>NATIONWIDE MUTUAL FIRE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ ) | **STIPULATED<br>PROTECTIVE ORDER** |

**COME NOW** Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") and Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, jointly request this Court to enter the following Protective Order to expedite the discovery process, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled. The undersigned parties agree to and request the Court to enter the below Protective Order:

1. **Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, storage drives, information, objects or things, deposition testimony, interrogatory responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory or subpoena ("Discovery Materials").

2. **Use of Discovery Materials**

Unless otherwise expressly permitted by this Court, or by express written agreement of the parties, all CONFIDENTIAL MATERIAL produced or discovered in this case shall be used solely for the prosecution or defense of this case, and shall not be used by any party, their counsel of record or any other person to whom such CONFIDENTIAL MATERIAL is disclosed for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function, unless expressly provided herein.

### 3. CONFIDENTIAL MATERIAL Defined

For the purposes of this Order, CONFIDENTIAL MATERIAL means Discovery Materials that have been designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order. A party may designate as CONFIDENTIAL MATERIAL any Discovery Materials that party reasonably and in good faith believes to contain information that is not public and constitutes proprietary, confidential, or personal information, including but not limited to confidential business, financial, trade secret, research, commercial, proprietary data or analysis, or information upon which business decisions are made, including but not limited to decisions to insure and to what value.

### 4. Designation of Documents as CONFIDENTIAL MATERIAL

For the purposes of this Order, the term "Document" means all tangible items, including Discovery Materials, whether written, recorded or graphic, whether produced or created by a party or another person, whether produced pursuant to subpoena, pursuant to discovery request, by agreement or otherwise. Documents that already have been stamped or labeled as CONFIDENTIAL MATERIAL before the date of this Order do not have to be re-stamped or relabeled to have the protection provided hereunder.

2

Case 5:21-cv-00044-D   Document 32   Filed 09/26/22   Page 2 of 13

Any Document that the producing party intends to designate as CONFIDENTIAL MATERIAL shall be marked on each page with a notation substantially similar to the following: "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY." The designation of any Document as CONFIDENTIAL MATERIAL shall not be construed as an admission by the producing party that such material is relevant or material to any issue in the case or is otherwise discoverable, or as an admission by the receiving party that such material is, in fact, CONFIDENTIAL MATERIAL.

5. **Non-Disclosure of CONFIDENTIAL MATERIAL**

Except with the prior written consent of the party or other person originally producing CONFIDENTIAL MATERIAL, or as hereinafter provided under this Order, no CONFIDENTIAL MATERIAL, or any portion thereof, may be disclosed to any person, except as set forth in section 6 below.

6. **Permissible Disclosures of CONFIDENTIAL MATERIAL**

Notwithstanding Paragraph 5 of this Order, CONFIDENTIAL MATERIAL may be disclosed as follows:

    A. Documents marked "CONFIDENTIAL: ATTORNEYS' EYES ONLY" may only be disclosed to and used only by:

        (1) counsel of record for each Party in this case, or attorneys or staff in such counsel's firm solely to the extent considered reasonably necessary to render professional services in this case;

        (2) court reporters (including persons who operate video recording equipment at depositions) who transcribe proceedings in this litigation;

(3) court officials involved in the action;

(4) any person identified in the Document itself as having authored or previously received or reviewed the Document;

(5) subject to the limitations below, consulting experts; and

(6) any representative of the Party who produced the document.

B. Documents marked "CONFIDENTIAL" may only be disclosed to and used only by:

(1) counsel of record for each Party in this case, or attorneys or staff in such counsel's firm solely to the extent considered reasonably necessary to render professional services in this case;

(2) inside counsel and employees of the parties, to the extent reasonably necessary to render professional services in this case and/or to assist with the prosecution or defense of this case and accordance with Paragraph 2;

(3) court reporters (including persons who operate video recording equipment at depositions) who transcribe proceedings in this litigation;

(4) court officials involved in the action;

(5) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(6) subject to the limitations below, persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in

4

good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify; and

(7) subject to the limitations below, outside consultants or outside experts retained for the purpose of assisting counsel of record or inside counsel of the parties in this case.

The parties shall obtain from any individual to whom disclosure is to be made under subparagraphs A.(5) and B.(6) and (7) above a signed Acknowledgement of Protective Order, attached hereto as Exhibit A, prior to such disclosure. Counsel providing access to CONFIDENTIAL MATERIAL shall retain copies of the executed Acknowledgement(s).

Nothing in this Order shall be deemed to restrict the right of any Party to give its own materials to others or otherwise utilize its own CONFIDENTIAL MATERIAL in any manner that it sees fit.

### 7. Inadvertent Disclosure

The parties agree that in the event the producing party or other person inadvertently fails to designate Discovery Materials as CONFIDENTIAL MATERIAL, it may make such a designation subsequently by notifying all persons and parties to whom such Discovery Materials were produced, in writing, within sixty (60) days prior to trial. After receipts of such notification, the persons to whom productions has been made shall prospectively treat the designated Discovery Materials as CONFIDENTIAL MATERIAL, subject to their right to dispute such designation in accordance with paragraph 8 of this Order. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIAL either by way of document production or deposition testimony shall not be deemed a waiver in whole or in part of a party's

5

Case 5:21-cv-00044-D   Document 32   Filed 09/26/22   Page 5 of 13

claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

8. **Declassification**

Any party challenging the designation of Discovery Materials as CONFIDENTIAL MATERIAL shall notify the designating party of such challenge in writing, specifying the Discovery Materials in dispute and the reason(s) why removing the designation is necessary to protect or further the interests of the challenging party in this case. The designating party shall respond in writing within fifteen (15) days of receiving this notification.

If the parties are unable to amicably resolve the dispute, the party opposing the designation may seek an appropriate order from the Court on the ground that the Discovery Material is not CONFIDENTIAL MATERIAL as defined in this Order. On such a motion, the designating party will bear the burden of establishing the confidentiality of the challenged material.

9. **Filing of CONFIDENTIAL MATERIAL**

    A. <u>Alternatives to Filing Under Seal</u>

        In the event a party seeks to file any materials that are subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure, including: (1) filing a redacted document with the consent of the party who designated the document as CONFIDENTIAL MATERIAL; and (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review.

6

B. <u>Filing Under Seal</u>

In the event that the procedures outlined above in Part 9(A) of this Order are inadequate, a party seeking to file any materials under seal shall follow the procedures set forth below, in accords with Rule 79.2 of the Local Rules of United States District Court for the Eastern District of North Carolina and Section V.G.1 of the Electronic Case Filing Procedures for the United States District Court for the Eastern District of North Carolina:

Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Rule 79.2 and Section V.G.1 of the Electronic Case Filing Procedures for the United States District Court for the Eastern District of North Carolina, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of the service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed

7

the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

Following the close of discovery and prior to trial, the parties shall stipulate to a modification of this Order as to the handling of CONFIDENTIAL MATERIAL at trial or any other court hearing in this case.

**10.   CONFIDENTIAL MATERIAL in Depositions**

Depositions or other testimony may be designated as CONFIDENTIAL MATERIAL by (a) stating orally on the record that the information is CONFIDENTIAL MATERIAL on the day the testimony is given; or (b) sending written notice designating the information as CONFIDENTIAL MATERIAL within twenty-one (21) days after the transcript of the deposition is made available. Until the expiration of such twenty-one (21) day period the entire deposition transcript shall be treated as CONFIDENTIAL.

## 11. Subpoena by Other Courts or Agencies

If another court or administrative agency subpoenas or otherwise orders production of CONFIDENTIAL MATERIAL that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly (1) object to the production of CONFIDENTIAL MATERIAL by setting forth the existence and force of this Protective Order and (2) notify the designating party of the subpoena or order and provide a complete copy of the subpoena or order to the designating party. If the designating party wishes to object, it must do so within fourteen (14) days or such shorter time fixed by the order or subpoena from such other court or agency, with a copy to the entity from which disclosure of CONFIDENTIAL MATERIAL is sought. CONFIDENTIAL MATERIAL shall not be produced if written notice of objection by the designating party is received within that time period and the designating party objecting to production has made all necessary court filings and/or motions and has secured appropriate protection of the CONFIDENTIAL MATERIAL; however, in the absence of appropriate protection, the receiving party may comply with the subpoena or order if it must do so to avoid being sanctioned or placed at risk of other legal penalties for its failure to comply with the subpoena or order.

## 12. Non-termination

This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case (including the expiration or exhaustion of all rights of appeal), the CONFIDENTIAL MATERIAL produced in this litigation shall be either (1) destroyed or (2) returned to the producing party. Provided, however, that a party may seek to retain any files or documents containing CONFIDENTIAL MATERIAL: (a) as long as

necessary as may be required by statute, regulation or rule; or (b) as long as necessary in order to satisfy obligations to reinsurers to and to make reinsurance recoveries. A party who seeks to retain documents pursuant to subparagraphs (a) and (b) hereunder shall promptly so advise the party requesting return or destruction of said documents of its intentions. Any dispute concerning the applicability of this paragraph shall be resolved by the Court.

Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates CONFIDENTIAL MATERIAL on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

### 13. Production of Documents by Third-Parties

Any third party producing Documents in this litigation may avail itself of the confidential treatment provided for in this Agreement for its documents, information or testimony by following the procedures provided herein.

### 14. Modification Permitted

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 15. Improper Disclosure of CONFIDENTIAL MATERIAL

Any unauthorized or inadvertent disclosure of information designated as CONFIDENTIAL MATERIAL under this Order shall not result in a waiver of any clam of confidentiality. Unauthorized or inadvertent disclosure does not change the status of CONFIDENTIAL MATERIAL or waive the right to designate the disclosed Document or information as CONFIDENTIAL MATERIAL. In the event of a disclosure of any CONFIDENTIAL MATERIAL pursuant to this Order to any person or persons not authorized to

receive such disclosure under this Order, the Party responsible for having made such disclosure shall immediately notify counsel for the producing Party whose CONFIDENTIAL MATERIAL has been disclosed. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL MATERIAL.

IT IS SO ORDERED.

This the 26 day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

CONSENTED TO:

| **YOUNG MOORE & HENDERSON** | **GOLDBERG SEGALLA LLP** |
|---|---|
| /s/ Andrew P. Flynt | /s/ Martha P. Brown |
| Walter E. Brock | David L. Brown |
| N.C. State Bar No. 8195 | N.C. State Bar No. 18942 |
| Andrew P. Flynt | Martha P. Brown |
| N.C. State Bar No. 41238 | N.C. State Bar No. 20063 |
| 3101 Glenwood Ave, Suite 200 | 701 Green Valley Road, Suite 310 |
| Raleigh, North Carolina 27612 | Greensboro, North Carolina 27408 |
| Telephone: (919) 782-6860 | Telephone: (336) 419-4900 |
| Facsimile: (919) 782-6753 | Facsimile: (336) 419-4950 |
| Walter.brock@youngmoorelaw.com | dbrown@goldbergsegalla.com |
| Andrew.flynt@youngmoorelaw.com | mpbrown@goldbergsegalla.com |
| *Attorneys for Plaintiff CUMIS Insurance Society, Inc.* | *Attorneys for Defendant Nationwide Mutual Fire Insurance Company* |

11

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 5:21-cv-00044-D

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONWIDE MUTUAL FIRE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

1. I hereby attest to my understanding that information or documents designated CONFIDENTIAL MATERIAL are provided to me subject to the Stipulated Protective Order ("Oreder") dated _____ in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order is a prerequisite to my review of any information or documents designated as CONFIDENTIAL MATERIAL pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accord with the Order, any CONFIDENTIAL MATERIAL, in any form whatsoever, and that such CONFIDENTIAL MATERIAL and the information contained therein may be used only for the purposes authorized by the Order.

3. I further agree to return all copies of any CONFIDENTIAL MATERIAL I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this case.

12

4. I further agree and attest to my understanding that my obligation to honor the confidentiality of such CONFIDENTIAL MATERIAL will continue even after this case concludes.

5. I further agree and attest to my understanding that if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court presiding over this action, for the purposes of any proceedings relating to enforcement of the Order.

6. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ (signature)

_____ (printed name)

_____ (title)

_____ (company)

Date: _____