IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:21-cv-00044-D

CUMIS INSURANCE SOCIETY, INC., )
)
Plaintiff, )
)
v. )                                    **ORDER**
)
NATIONWIDE MUTUAL FIRE )
INSURANCE COMPANY, )
)
Defendant. )
)

This matter comes before the Court on a motion of Defendant Nationwide Mutual Fire

Insurance Company ("Nationwide") to seal certain underwriting documents filed by Plaintiff

CUMIS Insurance Society, Inc. ("CUMIS") in support of its motion for partial summary

judgment. (DE 43). Defendant has represented to the Court that the Plaintiff's counsel

consents to this motion.

For reasons stated herein, pursuant to the Court's authority under Local Civil Rule 79.2,

the Court finds that the Motion to Seal should be GRANTED.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local

Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing

Administrative Policies and Procedures Manual. That Section requires that all motions to seal be

accompanied by a supporting memorandum that specifies the following:

> (i)  the exact document or item, or portions thereof, for filing under
>      seal is requested;
>
> (ii) how such request to seal overcomes the common law or the First
>      Amendment presumption to access;

(iii)     the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv)     the reasons why alternatives to sealing are inadequate; and

(v)     whether there is consent to the motion.

Section V.G.1(a), Policies and Procedural Manual. The Policies and Procedural Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendant Nationwide has met the requirements set forth in the Policies and Procedure Manual, and that Nationwide's underwriting documents (DE 38) submitted by CUMIS in support of its motion for partial summary judgment should be held under seal.

## FINDINGS

In support of its motion for partial summary judgment, CUMIS seeks to file documents contained in Nationwide's underwriting file that pertain to Nationwide's underwriting of the commercial property coverage at issue in this case.

Because these documents are submitted in support of CUMIS' motion for partial summary judgment, they are subject to the public's right of access guaranteed by the First Amendment. These documents overcome the First Amendment presumptions to access because they contain confidential, non-public and highly sensitive business information. Specifically, the underwriting material at issue provide information regarding the process and procedure used by Nationwide to determine whether to insure property, to what value and for what premium. Nationwide's competitive advantage would be compromised if this information was disclosed to the public.

The Court further finds that the public's First Amendment right of access is outweighed by Defendant Nationwide's interests in protecting against competitive and/or financial harm to Defendant were such information made public.

This Court has considered alternatives to sealing and has found that sealing is appropriate because the highly sensitive, confidential information is pervasive throughout these documents, such that it would be impracticable to cull any portions that happen not to contain the sensitive, confidential information.

Plaintiff CUMIS has consented to this motion.

Public notice of Defendant's motion to seal and a reasonable opportunity to object have been provided by the filing of its motion, and no objections have been filed with the Court.

### ORDER

BASED ON THE FOREGOING, this Court hereby GRANTS Defendant Nationwide's Uncontested Motion to Seal (DE 43), and hereby ORDERS that Nationwide's underwriting documents filed by Plaintiff CUMIS in support of its motion for partial summary judgment (DE 38) be and shall remain SEALED.

This the **30** day of December, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge